IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXTER TAYLOR, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. |
| ) | |
| OFFICER MICHAEL SHEPARD, ) | |
| in his official and individual capacities, ) | |
| ) | |
| OFFICER MALCOLM DOMIO, ) | |
| in his official and individual capacities, ) | |
| ) | |
| SUPERINTENDENT GARRY McCARTHY, ) | |
| in his official capacity, ) | |
| ) | |
| CITY OF CHICAGO, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff DEXTER TAYLOR for his complaint against Defendants Officer Michael Shepard, Officer Malcolm Domio, Superintendent Garry McCarthy and the City of Chicago, states as follows:

### INTRODUCTION

1. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. §§ 1983 and 1988; the Second Amendment to the United States Constitution; the Fourth Amendment to the United States Constitution; the Fourteenth Amendment to the United States Constitution; and under the laws of the State of Illinois against Defendants Officer Michael Shepard, Officer Malcolm Domio, Superintendent Garry McCarthy and the City of Chicago.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has

supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in prisons located in the Northern District of Illinois. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

4. Plaintiff DEXTER TAYLOR is an adult citizen and resident at 11333 South Vincennes Avenue, Chicago, Illinois 60643.

5. Defendant Officers Michael Shepard and Malcolm Domio are Police Officers with the Chicago Police Department. They are sued in their individual and official capacities.

6. Defendant Garry McCarthy is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time the incidents in question occurred. He is sued in his official capacity.

7. Defendant City of Chicago, Illinois, was the public employer of Defendant Officers Michael Shepard and Malcolm Domio and Garry McCarthy at the time the incidents in question occurred.

## BACKGROUND

8. On June 17, 2012, at approximately 2:30 in the afternoon, the plaintiff, Dexter Taylor, was driving his blue, 2007 Ford Fusion automobile westbound on 111th Street. As he approached the stop sign at Racine Avenue, he came to a total and complete stop.

9. After stopping, the plaintiff proceeded through the intersection.

10. Shortly after the plaintiff was through the intersection, defendant officers Michael Shepard and Malcolm Domio stopped the plaintiff, and charged him with running through the stop sign by stopping at the white line just past the sign.

11. The defendant officers searched the plaintiff's car and discovered a firearm.

12. The defendant officers issued the plaintiff a citation for running the stop sign, and charged him with unlawful use of a weapon (UUW).

13. The defendant officers impounded the plaintiff's car, because he had a firearm in it. The car was subsequently destroyed by the state.

14. On January 1, 2013, the plaintiff was convicted on the UUW charge.

15. On February 21, 2017, the plaintiff filed a motion to have the UUW conviction vacated, because the statute with which the plaintiff had been charged was unconstitutional. That motion was ultimately granted.

16. At some point after the citation for running the stop sign was issued, the plaintiff presented evidence that there was no white line by the stop sign he was alleged to have run.

17. On January 8, 2013, defendant Officer Domio changed his justification for issuing the citation, and testified in open court that the plaintiff ran the stop sign by skreeting to a halt in the middle of the intersection, rather than by stopping at the white line.

18. On April 29, 2013, the plaintiff filed a motion indicating that he had uncovered evidence showing that the citition he had be issued for running the stop sign was issued in error. He found a video showing that he came to a complete stop at the stop sign.

19. On May 9, 2017, nearly five years after the traffic citation was issued, the state decided to *nolle prosequi* the case against the plaintiff for running the stop sign.

20. At all relevant times, defendants were acting under color of law and under color of authority as an employee, agent or servant of the City of Chicago.

21. As a direct and proximate result of the acts of defendants, acts that violated clearly established and well settled federal constitutional and statutory rights, Dexter Taylor suffered the following injuries and damages:

## COUNT I

*42 U.S.C. §1983 Against Defendant Officer Malcolm Domio*

22. Plaintiff re-alleges and incorporates by reference ¶¶ 1-21.

23. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Domio for violation of Plaintiff's Fourth Amendment right against unreasonable search and seisure under color of law and/or color of authority when he stopped the plaintiff for running a stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign.

## COUNT II

*42 U.S.C. §1983 Against Defendant Officer Michael Shepard*

24. Plaintiff re-alleges and incorporates by reference ¶¶ 1-23.

25. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Michael Shepard for violation of Plaintiff's Fourth Amendment right against unreasonable search and seisure under color of law and/or color of authority when he stopped the plaintiff for running a stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign.

## COUNT III

*42 U.S.C. §1983 Against Defendant Officer Malcolm Domio*

26. Plaintiff re-alleges and incorporates by reference ¶¶ 1-25.

27. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Malcolm Domio when Defendant Officer Malcolm Domio failed to intervene to prevent Defendant Officer Michael Shepard from stopping the plaintiff for running a stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign.

## COUNT IV

*42 U.S.C. §1983 Against Defendant Officer Michael Shepard*

28. Plaintiff re-alleges and incorporates by reference ¶¶ 1-27.

29. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Michael Shepard when Defendant Officer Michael Shepard failed to intervene to prevent Defendant Officer Malcolm Domio from stopping the plaintiff for running a

stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign.

## COUNT V

*Malicious Prosecution Against Defendant Officer Michael Shepard*

30. Plaintiff re-alleges and incorporates by reference ¶¶ 1-29.

31. Plaintiff claims damages under Illinois law for the injuries set forth above against Defendant Officer Michael Shepard when Defendant Officer Michael Shepard stopped the plaintiff for running a stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign, then charging the plaintiff with unlawful use of a weapon and impounding the plaintiff's car.

## COUNT VI

*Malicious Prosecution Against Defendant Officer Malcolm Domio*

32. Plaintiff re-alleges and incorporates by reference ¶¶ 1-31.

33. Plaintiff claims damages under Illinois law for the injuries set forth above against Defendant Officer Malcolm Domio when Defendant Officer Malcolm Domio stopped the plaintiff for running a stop sign the plaintiff did not run, then unlawfully issuing the plaintiff a citation for running the stop sign, then charging the plaintiff with unlawful use of a weapon and impounding the plaintiff's car.

## COUNT VII

*42 U.S.C. §1983 Against Defendant Officer Malcolm Domio*

34. Plaintiff re-alleges and incorporates by reference ¶¶ 1-33.

35. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Malcolm Domio when Defendant Officer Malcolm Domio failed to intervene to prevent Defendant Officer Michael Shepard from maliciously prosecuting the plaintiff.

## COUNT VIII

*42 U.S.C. §1983 Against Defendant Officer Michael Shepard*

36. Plaintiff re-alleges and incorporates by reference ¶¶ 1-35.

37. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Michael Shepard when Defendant Officer Michael Shepard failed to intervene to prevent Defendant Officer Malcolm Domio from maliciously prosecuting the plaintiff.

### COUNT IX

*42 U.S.C. §1983 Against Defendant Officer Malcolm Domio*

38. Plaintiff re-alleges and incorporates by reference ¶¶ 1-37.

39. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Malcolm Domio for violation of Plaintiff's Second Amendment right to bear arms when he charged the plaintiff with unlawful use of a weapon and impounded the plaintiff's car.

### COUNT X

*42 U.S.C. §1983 Against Defendant Officer Michael Shepard*

40. Plaintiff re-alleges and incorporates by reference ¶¶ 1-39.

41. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Officer Michael Shepard for violation of Plaintiff's Second Amendment right to bear arms when he charged the plaintiff with unlawful use of a weapon and impounded the plaintiff's car.

### COUNT XI

**Respondeat Superior Against Garry McCarthy and the City of Chicago Police Department**

42. Plaintiff re-alleges and incorporates by reference ¶¶ 1-41.

43. Defendants Garry McCarthy and the City of Chicago Police Department are liable for the actions committed against Plaintiff by Defendant Officers Michael Shepard and Malcolm Domio. Garry McCarthy and the City of Chicago Police Department employed the Defendant Officers Michael Shepard and Malcolm Domio who committed the violations of Plaintiff's rights while acting in the scope of their employment.

44. Prior to June 17, 2012, Garry McCarthy and the City of Chicago Police Department developed and maintained policies and customs exhibiting deliberate indifference to the

constitutional rights of persons in the City of Chicago, which caused the violation of Plaintiff's rights. Garry McCarthy and the City of Chicago Police Department failed to adquately train officers on when *not* to make a traffic stop and issue a citation. Rather, it trained its officers how to make an unlawful stop appear on paper to be lawful. Thus, Defendant Officers Michael Shepard and Malcolm Domio, rather than not issuing the plaintiff a citation, issued a citation and testified in open court in such a way as to indicate that the citation was lawful.

45. It was the policy and/or custom of Garry McCarthy and the City of Chicago Police Department to fail to exercise reasonable care in hiring its police officers, including Defendant Officers Michael Shepard and Malcolm Domio, thereby failing to adequately prevent constitutional violations on the part of its police officers. The test Garry McCarthy and the City of Chicago Police Department used to select officer candidates was not adequate to weed out candidates who would be prone to violate the law.

46. It was the policy and/or custom of Garry McCarthy and the City of Chicago Police Department to inadequately supervise and train its Defendant officers, including Defendant Officers Michael Shepard and Malcolm Domio, thereby failing to adequately discourage further constitutional violations on the part of its defendant officers.

47. As a result of the above described policies and customs, Defendant Officers Michael Shepard and Malcolm Domio believed that their actions would not be properly monitored by supervisory personnel, and that misconduct would not be investigated or sanctioned, but would be tolerated.

48. The above described polices and customs demonstrate a deliberate indifference on the part of Garry McCarthy and the City of Chicago Police Department to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT XII

### 42U.S.C. §1983 Against City of Chicago

49. Plaintiff re-alleges and incorporates by reference ¶¶ 1-48.

50. Defendant City of Chicago is liable for the actions committed against Plaintiff by Defendant Officers Michael Shepard and Malcolm Domio. The City of Chicago, Illinois, employed the Defendant Officers Michael Shepard and Malcolm Domio who committed the violations of Plaintiff's rights while acting in the scope of their employment.

## COUNT XIII

### Respondeat Superior Against the City of Chicago, Illinois

51. Plaintiff re-alleges and incorporates by reference ¶¶ 1-50.

52. Defendant City of Chicago is liable for the actions committed against Plaintiff by Defendant Officers Michael Shepard and Malcolm Domio. The City of Chicago, Illinois, employed the Defendant Officers Michael Shepard and Malcolm Domio who committed the violations of Plaintiff's rights while acting in the scope of their employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $300,000.00;

D. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

 /s/Larry Redmond
Larry Redmond
11747 S. Longwood Dr.
Chicago, Illinois 60643
773-733-0830
Lredmond3@juno.com
Attorney #6192358