**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEXTER TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL SHEPARD, MALCOLM, ) <br> DOMIO, GARRY McCARTHY, and ) <br> CITY OF CHICAGO, ) <br> ) <br> Defendants. ) | No. 18 C 458 <br> Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently pending are Plaintiff Dexter Taylor's *pro se* motions to vacate the dismissal of this matter pursuant to Federal Rule of Civil Procedure 60(b) (Mot. to Vacate (Dkt. No. 33)) and motion for disqualification of the presiding Judge (Mot. to Disqualify (Dkt. No. 36)). In support of his motions, Taylor has filed a number of letters and affidavits. (Dkt. Nos. 30, 34, 37.) On April 20, 2018, this Section 1983 and malicious prosecution action was dismissed for want of prosecution. (Dkt. Nos. 10–11.) For the following reasons, Taylor's motion to vacate the dismissal of this matter is hereby granted (Dkt. No. 33) and Taylor's motion for disqualification is denied (Dkt. No. 36). A number of Taylor's motions, some of which are unsigned, are also stricken as redundant and moot. (Dkt. Nos. 12, 15, 17, 21, 24, 27, 40, 42.) On or before July 11, 2018, Taylor must either pay the $400.00 civil case filing fee or refile an *in forma pauperis* ("IFP") application with a fully completed financial affidavit curing the defects identified in the Court's February 22, 2018 Order (Dkt. No. 6) or this case will again be dismissed for want of prosecution. This is a final deadline.

**BACKGROUND**

On January 21, 2018, Taylor filed a complaint against Chicago Police Officers Michael Shepard and Malcolm Domio, Former Superintendent of Chicago Police Garry McCarthy, and the City of Chicago. (Compl. (Dkt. No. 1).) Taylor's complaint details a traffic stop initiated by Chicago Police on June 17, 2012 shortly after Taylor drove through the intersection of 111th Street and Racine Avenue in Chicago. (*Id.* ¶ 8.) Taylor alleges that he reached a "total and complete stop" at the stop sign before entering the intersection, but that the officers issued him a traffic citation for running a stop sign, and "charged him with running through the stop sign by stopping at the white line just past the sign." (*Id.*) Taylor's complaint includes claims pursuant to 24 U.S.C. § 1983, a claim of malicious prosecution, and claims of McCarthy and the City of Chicago's respondeat superior liability. (*Id.* ¶¶ 22–52.)

On February 22, 2018, Taylor's petition to proceed IFP was denied because the handwriting on his application was illegible, which prevented Taylor's total income from being ascertained, as is required to analyze his ability to pay required court fees. (Dkt. No. 6.) The Order directed Taylor to pay the $400.00 civil case filing fee or refile a corrected IFP application on or before March 31, 2018. (*Id.* at 2.) On April 20, 2018, after Taylor had neither refiled a corrected motion for leave to proceed IFP nor paid the mandated filing fee, his case was dismissed for want of prosecution and judgment was entered. (Dkt. Nos. 10–11.)

Currently pending are Taylor's motions to vacate the dismissal pursuant to Federal Rule of Civil Procedure 60(b) and to disqualify the presiding Judge. Taylor first filed his motions to vacate dismissal and disqualify on May 18, 2018. (Dkt. Nos. 12, 15.) Identical motions were repeatedly filed. (Dkt. Nos. 17, 21, 24, 27.) On May 29, 2018, Taylor was ordered to refile the motions with the required signature and personal information as required by Federal Rule of

Civil Procedure 11(a) as none were signed. (Dkt. No. 31.) Taylor timely refiled signed motions on June 1, 2018. (Dkt. Nos. 33, 36.) Taylor has again filed identical copies of his signed motions. (Dkt. Nos. 40, 42.)

While Taylor's complaint was filed by counsel, Taylor filed the pending motions *pro se* after his former counsel withdrew on April 20, 2018. (Dkt. Nos. 8, 9.) As Taylor is proceeding as a *pro se* litigant, his pleadings will be "liberally construe[d]." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

## ANALYSIS

### I. RULE 60(B) MOTION TO VACATE DISMISSAL

Taylor seeks to vacate the final judgment in this matter. In addition to a number of outrageous and unfounded allegations that will not be addressed, Taylor states he failed to meet the ordered deadline because his former attorney terminated his representation without sufficient notice to allow Taylor to hire new representation, request an extension of time for filing his IFP application, or timely file the IFP application *pro se* before the deadline. (Mot. to Vacate at 2.)

Rule 60(b) allows a court to "relieve a party . . . from a final judgment" in a number of instances, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In considering whether excusable neglect exists, all relevant circumstances are considered, including the length of the delay; the delay's impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; danger of prejudice to the non-movant; and the interests of efficient judicial administration. *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998). The decision whether to grant relief under Rule 60(b) is a matter of discretion for the district court judge. *Helm v. Resolution Tr. Corp.*, 84 F.3d 874, 877 (7th Cir. 1996).

In this instance, excusable neglect justifies Taylor's failure to refile his IFP application or pay the filing fee by the deadline. First, Taylor's counsel's filed his motion to withdraw on March 31, 2018, the same day Taylor was ordered to either refile his IFP application or pay his filing fee. (Dkt. No. 8.) Taylor represents he was unaware that his attorney did not refile his IFP application. (Mot. to Vacate at 1.) Other than the deadline in the initial order denying his motion for leave to file IFP (Dkt. No. 8), Taylor was not given any prior warning that his case risked dismissal for want of prosecution after the withdrawal of his attorney. *Cf. Vega v. Chipotle Mexican Grill, Inc.*, No. 14 C 7124, 2015 WL 7776877, at *3 (N.D. Ill. Dec. 3, 2015) (denying Rule 60(b) motion to vacate dismissal after plaintiff repeatedly failed to respond to discovery requests or appear in court); *Jackson v. City of Chi.*, No. 07 C 7066, 2011 WL 737584, at *1–2 (N.D. Ill. Feb. 23, 2011) (denying Rule 60(b) motion after plaintiff repeatedly failed to comply with court orders). Accordingly, it appears Taylor missed the deadline due to reasons largely outside of his control, and was given virtually no notice to find a new attorney or request an extension before March 31, 2018. Second, Taylor filed his motion to reopen less than thirty days after judgment was entered in the case, a reasonably short time. *Cf. Ried v. Swift Gift, Ltd.*, No. 04 C 6605, 2006 WL 398171, at *5 (N.D. Ill. Feb. 14, 2006) (finding a four month delay between dismissal of a case for want of prosecution and filing Rule 60 motion "unreasonable"). Third, a delay of twenty-eight days at such an early stage of the proceedings poses little risk of prejudice to Defendants. *Id.* at *3. Considering the circumstances, Taylor's failure to act by the ordered deadline constitutes excusable neglect, and his case is reopened pursuant to Rule 60(b)(1).

## II. MOTION FOR DISQUALIFICATION

Taylor also seeks to disqualify this Court from presiding over his case for cause. Again, Taylor levels a number of unsubstantiated and inflammatory accusations against the Court in his motion. Taylor's only arguably non-frivolous argument is that the Judge assigned to this case is disqualified based on former employment with the Corporation Counsel for the City of Chicago,[1] which Taylor alleges results in bias against him in this matter. (Mot. to Disqualify at 2.)

The disqualification of federal judges is governed by 28 U.S.C. § 455. Section 455 aims to "promote public confidence in the impartiality of the judicial process" and to require recusal when a judge harbors actual personal bias or prejudice against a litigant. *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1062, 1066 (N.D. Ill. 2004). A "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir.1981).

Taylor alleges Section 455(b)(3) disqualifies this Court from this case. (Dkt. No. 37 ¶ 2.) This statute provides a judge shall disqualify himself if "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). This section does not apply here as it would have been impossible for the assigned Judge to have participated or commented on Taylor's case during employment with the City of Chicago, which ended in 1971, when the events at issue in this case did not begin until 2012. (Compl. ¶ 8.)

Section 455(a) also could be construed to apply to the situation of prejudice arising from a judge's prior employment. Under § 445(a), a judge must recuse himself from "any proceeding

---

[1] The presiding Judge worked on the staff of the Corporation Counsel of the City of Chicago from 1963 to 1971.

5

in which his impartiality might reasonably be questioned" based on the perception of an objective, "reasonable observer." *Schmude*, 312 F. Supp. 2d at 1062 ("[T]he inquiry to be made is whether a reasonable observer, informed of all the surrounding facts and circumstances, would perceive a significant risk that the judge will resolve the case on a basis other than the merits."); *see also In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) ("An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person."). Considering the substantial passage of time since the presiding Judge's employment by the City of Chicago, the Court finds no reasonable outside observer could find the Judge's relatively brief time as Corporate Counsel nearly fifty years ago would impact his handling of this case. *See Schurz Commc'ns, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1993) (reasoning a Seventh Circuit judge would not recuse himself based on involvement in litigation sixteen years earlier). The presiding Judge's eight years as an attorney for the City of Chicago, during which time he had no involvement with the underlying lawsuit, does not pose any objective risk that he would be biased in this case. *Mason*, 916 F.2d at 386 ("Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. . . . Thus the search is for a risk substantially out of the ordinary.") Taylor's motion to disqualify the presiding Judge from this matter is accordingly denied.

## CONCLUSION

For the foregoing reasons, Taylor's motion to vacate the dismissal of this matter is hereby granted (Dkt. No. 33) and Taylor's motion for disqualification is denied (Dkt. No. 36). Taylor's unsigned and repeatedly filed motions are also stricken as redundant and moot.

(Dkt. Nos. 12, 15, 17, 21, 24, 27, 40, 42.)  On or before July 11, 2018, Taylor must either pay the $400.00 civil case filing fee or refile an IFP application with a fully completed financial affidavit curing the defects identified in the February 22, 2018 Order (Dkt. No. 6) or his case will again be dismissed for want of prosecution.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: June 13, 2018
       Chicago, Illinois